## James Leo BATES *v.* STATE of Arkansas

CR 73-33 · 495 S.W. 2d 521

### Opinion delivered June 11, 1973

*Don Langston,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Clarence Walden Cash,* Deputy Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant entered a plea of nolo contendere to a charge of rape and received a sentence of 30 years, with nine of those years suspended. Subsequently he filed a petition for a Rule I hearing, alleging several violations of his constitutional rights. The hearing was denied under paragraph (C) of Rule I, the court having found that the records in the case showed conclusively that appellant was not entitled to an evidentiary hearing. On appeal it is insisted that the hearing should have been granted on the allegation of ineffective assistance of counsel.

In his Rule I petition, appellant made these allegations: That he was held in jail 108 hours before being charged; that he was not given a preliminary hearing, nor was he indicted by a grand jury; that he was taken

to the home of the victim twelve minutes after the crime was reported and was there identified; that he was not advised of his rights at the time of detention; that he pleaded guilty on the presumption he would be given a suspended sentence; and that he was inadequately defended by court appointed counsel. Since appellant entered a plea of nolo contendere and was represented by counsel, he is relegated to the questions of whether that plea was made intelligently, voluntarily, and with the advice of competent counsel. *Tollett* v. *Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). We need not here repeat the numerous quotations from *Tollett* which lead us to the stated conclusion because there are extensive recitations from *Tollett* in our case of *Horn* v. *State*, 254 Ark. 651, 495 S.W. 2d 152 (1973).

We hold that the trial court record made at the time of appellant's plea shows conclusively that the plea was made intelligently, voluntarily, and with the advice of competent counsel. The appellant stated that he had had plenty of time to consult with his attorney and that he was "satisfied with his counsel and his advice and his representations"; that the plea of nolo contendere had been fully explained to him and that he understood it and the possible results; that the plea was of his own free will and accord and was not being made on account of any promise or threats; that he had gone over the written plea statement with his attorney and that he fully understood its contents. His attorney also certified that he had gone over the plea statement with his client and in the attorney's opinion the appellant understood the meaning and effect of the plea. As further evidence of his attorney's diligence the record shows that the attorney negotiated a plea bargain with the prosecuting attorney, which the court approved. That concerned suspending part of the sentence and agreeing that appellant would be permitted to go to California (if that state would accept him), serve four years of time owed California and then be released from the Arkansas detainer. (California apparently elected not to come after appellant). It should also be noted that the trial court recognized appellant's attorney as a respected member of the bar and well versed in criminal matters.

A somewhat similar case is our own case of *Stallins* v. *State*, 254 Ark. 137, 491 S.W. 2d 788 (1973). There we said:

Before accepting the plea and sentencing appellant to twenty years in the Department of Corrections, the trial court not only satisfied himself that appellant was voluntarily pleading guilty to a crime he had committed but caused a record to be made of the proceedings had. This record clearly demonstrates that there is no merit to the many contentions that appellant now makes.

Affirmed.